United States District Court
Southern District of Texas
**ENTERED**
June 02, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **BRYAN JOSUE FUNES VILLEGAS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-CV-03727** |
| | § | |
| **MARKWAYNE MULLIN,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |
| | § | |

## ORDER

Before the Court is Petitioner Bryan Josue Funes Villegas' Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 5). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

## I.   BACKGROUND

Petitioner Bryan Josue Funes Villegas is a citizen of El Salvador who entered the United States without inspection accompanied by his mother on or around October 9, 2015, when he was fifteen years old. ECF No. 1 at ¶ 18. He has resided continuously in the United States since that date. *Id.* On October 11, 2015, Petitioner was charged removability pursuant to Immigration and Nationality Act ("INA") section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General and issued a Notice to Appear ("NTA") in removal proceedings before an Immigration Judge (IJ). ECF No. 1, Ex. 3 (NTA). The

1 / 5

Government released Petitioner and his mother from immigration custody on an Order of Release on Recognizance (ORR) the same day. ECF No. 5, Ex. 2.

In 2017, Petitioner applied for Special Immigrant Juvenile (SIJ) status. ECF No. 1 at ¶ 19. The United States approved his SIJ petition on March 20, 2020, rendering him eligible to apply for a waiver of inadmissibility and adjustment of status to a lawful permanent resident. *Id*.

Petitioner has had several previous encounters with Immigration and Customs Enforcement (ICE). On November 29, 2017, Petitioner was encountered by ICE when he was released from the Travis County Jail upon his arrest for felony Possession of a Controlled Substance. ECF No. 5, Ex. 2. Petitioner was released returned to the custody of his mother. *Id*. In February of 2018—when he was seventeen years old—Petitioner was arrested and charged with criminal conspiracy in Texas state court. ECF No. 1 at ¶ 20. According to Petitioner's Department of Homeland Security (DHS) Form I-213, he was first encountered by Deportation Officers who arrested Petitioner pursuant to the outstanding warrant and transferred him to the custody of the Texas Department of Public Safety. ECF No. 5, Ex. 2. In September of 2020, he pleaded guilty to Engaging in Organized Criminal Activity, a first-degree felony, and was sentenced to ten years imprisonment. *Id*. During this period, the IJ administratively closed Petitioner's immigration proceedings. ECF No. 5, Ex. 3.

On April 27, 2026, the State of Texas granted Petitioner parole and he was released from state custody. ECF No. 1 at ¶ 21. Petitioner was immediately transferred to ICE custody and has been detained at the Houston Contract Detention Facility since this date. *Id*. On May 5, 2026, the immigration judge granted the Department of Homeland Security's (DHS) motion to recalendar Petitioner's immigration proceedings. ECF No. 5, Ex. 4. His removal proceedings are now

ongoing. The Government's position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2).

## I.    ANALYSIS

Petitioner asserts, among other claims, that his detention without the opportunity for a bond hearing violates his Fifth Amendment right to due process of law.

The Court has recently addressed similar sets of circumstances and concluded that ICE's re-detention of a noncitizen who was previously released on an Order of Release on Recognizance (ORR) without a pre-deprivation hearing demonstrating that the noncitizen was now a flight risk or danger to the community violated the noncitizen's right to procedural due process. *See Betancourth v. Tate, et al.*, --- F.Supp.3d ----, No. 4:26-CV-01169, 2026 WL 638482 at *3-4 (S.D. Tex. Mar. 6, 2026); *Perea-Berrio v. Tate, et al.*, No. 4:26-CV-01568, 2026 WL 709481 at *3 (S.D. Tex. Mar. 13, 2026); *Alvarez-Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 at * 4-6 (S.D. Tex. Feb. 25, 2026). Here, unlike in those cases, Petitioner did violate the conditions of his prior release on recognizance by committing a criminal offense. However, Respondents have not argued that Petitioner's criminal conviction is the reason for his re-detention, nor have they argued that he presents a danger to the community or a risk of flight. Rather, Respondents argue that Petitioner's re-detention is justified because Petitioner is subject to mandatory detention 8 U.S.C. § 1225(b)(2). The Court therefore sees no reason to reach a different conclusion here. The question of whether Petitioner's criminal conviction justified revocation of his prior release is exactly the type of question that can be properly addressed in a bond hearing before an IJ.[1] It is also important

---

[1] Respondents also allege that Petitioner is a member of the "Mara Salvatrucha 13" (MS-13) gang. *See* ECF No. 5 at 3; ECF No. 2, Ex. 2. But this too is precisely the type of concern that is properly raised at a bond hearing. Even taking these allegations as true, they are now more than eight years

to remember that Petitioner has served his criminal sentence and was released on parole by the State of Texas. But for his immigration status, Petitioner would not currently be in custody.

As to Respondents' additional arguments, the Court has already rejected them. See *Betancourth*, 2026 WL 638482, at *2 (rejecting argument that *Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 4 (2003) bars procedural due process claims for noncitizens whom ICE previously released on their own recognizance); *Alvarez-Rico*, 2026 WL 522322 at * 2-3 (rejecting argument that *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020), precludes due process claims by noncitizens statutorily subject to mandatory detention); *Perea-Berrio*, 2026 WL 709481 at *2 (rejecting argument that arbitrary revocation of release does not violate due process because it does not violate the applicable regulation); *id*. at *3 (rejecting argument that immediate release is not an appropriate remedy).

The Court declines to reconsider its prior decisions on this issue. It therefore concludes that Petitioner's re-detention violated his Fifth Amendment right to procedural due process.

The Court therefore **ORDERS** as follows.

1.  Respondents are **ORDERED** to release Petitioner from custody within 48 hours pursuant to the terms of his prior release order.

2.  Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify Petitioner of the time and place of release **no less than three hours** prior to his release from custody.

---

old. If these allegations are to serve as the basis for his detention (an argument the Government has not made), due process entitles Petitioner to an opportunity to rebut them before a neutral decision maker.

4 / 5

3. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before June 5, 2026**, informing the Court of the status of Petitioner's release and the Government's compliance with this order.

**IT IS SO ORDERED.**

Signed at Houston, Texas on June 2, 2026.

Keith P. Ellison
United States District Judge